UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| TIMOTHY A. RODERICK, PERSONAL REPRESENTATIVE OF THE ESTATE OF IRIS N. EVANS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 1:21-cv-46 Judge Travis R. McDonough Magistrate Judge Christopher H. Steger |
|---|---|---|
| *Plaintiff*, | | |
| v. | | |
| LIFE CARE CENTERS OF AMERICA, INC. and LIFE CARE CENTERS OF ATHENS, | | |
| *Defendants*. | | |

**ORDER**

Before the Court are Defendant Life Care Centers of America's[1] ("Life Care") motion to dismiss (Doc. 6) and Plaintiff Timothy Roderick's ("Roderick") motion to remand (Doc. 8.) The Court will **GRANT** Roderick's motion to remand (Doc. 8), and Life Care's motion to dismiss (Doc. 6) will be **DENIED AS MOOT.**

I. **BACKGROUND**

Roderick filed a complaint in the Circuit Court for McMinn County, Tennessee, on February 8, 2021, seeking damages under the Tennessee's wrongful death statute, Tenn. Code Ann. § 20-5-113. (Doc. 1-1, at 1, 7.) Roderick, the personal representative of the estate of Iris N. Evans, alleged that Life Care failed to adequately prepare, require, or enforce proper infection-control policies, use of masks or other personal protective equipment, social distancing,

---

[1] Life Care indicates that although Life Care Center of Athens is named as a separate defendant in this action, this entity is merely an assumed name of Life Care itself. (Doc. 7, at 1.)

and COVID-19 testing to prevent the spread of infection in Life Care's nursing facility. (*Id.* at 6–7.) Evans, who was admitted to Life Care's nursing facility in Athens, Tennessee, on April 14, 2020, contracted COVID-19 while in Life Care's facility and later died. (*Id.* at 7.)

Life Care filed a notice of removal on March 9, 2021, arguing that Plaintiff's complaint presented a federal question arising under the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d, *et seq.*, "namely, Life Care's immunity from suit based on its administration and use of countermeasures authorized for use against COVID-19." (Doc. 1, at 2.) Life Care then filed a motion to dismiss on March 16, 2021 (Doc. 6), arguing that Roderick's complaint was barred by the immunity provision of the PREP Act and that, to the extent Roderick's claim was not barred, he had failed to exhaust administrative remedies. (*Id.* at 1.) On April 6, 2021, Roderick responded to Life Care's motion to dismiss (Doc. 10) and filed a motion to remand to state court (Doc. 8.) Both motions are now ripe for review.

## II. STANDARD OF LAW

Generally, a defendant may remove to federal court any civil action over which the federal courts have original jurisdiction. 28 U.S.C. § 1441(a). The party seeking removal carries the burden of establishing that the district court has original jurisdiction over the matter by a preponderance of the evidence. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). "[A]ll doubts as to the propriety of removal are resolved in favor of remand." *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (citation and internal quotation marks omitted).

Whether a claim arises under federal law "ordinarily . . . turns on the 'well-pleaded complaint' rule," which looks to whether a question of federal law "necessarily appears in the plaintiff's statement of his [or her] own claim." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207

(2004) (citations omitted). However, the Sixth Circuit has generally recognized three exceptions to the well-pleaded complaint rule. *See Estate of Winifred Cowan, et al. v. LP Columbia Ky.*, No. 1:20-cv-118, 2021 U.S. Dist. LEXIS 61708, at *5–*6 (W.D. Ky. Mar. 30, 2021) (citing *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)). "The first such exception is the artful-pleading doctrine, which acknowledges plaintiffs may not 'avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims.' Closely related is the second exception, the complete-preemption doctrine, which recognizes removal is proper 'when a federal statute wholly displaces the state-law cause of action through complete pre-emption.' The third exception is the substantial-federal-question doctrine, which applies 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (citations omitted).

### III.   ANALYSIS

As Roderick notes in his motion to remand, "there is a growing consensus among courts across the country that state-law claims of negligence and wrongful death brought against a nursing home for failure to protect against the spread of COVID-19 . . . are not properly characterized as federal-law claims under the PREP Act." *Dupervil v. All. Health Operations, LLC*, No. 20-CV-4042, 2021 U.S. Dist. LEXIS 20257, at *35 (E.D.N.Y. 2021) (remanding to state court plaintiff's state-law claims for negligence and wrongful death based on the alleged failure of defendant nursing home to enforce social distancing among staff and residents, timely restrict visitors, ensure all residents and staff wore a face covering, or adequately screen individuals entering the building for COVID-19); *see also Shapnik v. Hebrew Home for the Aged at Riverdale,* No. 20-cv-6774, 2021 U.S. Dist. LEXIS 79447, at *46 (S.D.N.Y. Apr. 26, 2021)

3

(collecting cases); *Schuster v. Percheron Healthcare, Inc.*, No. 4:21-cv-156, 2021 U.S. Dist. LEXIS 63741, at *6 (N.D. Tex. Apr. 1, 2021) (collecting cases).

Roderick's complaint pleads no federal claim on its face, nor is his state-law claim for wrongful death a federal-law claim "artfully cast" as a state-law claim. *See Mikulski*, 501 F.3d at 560. "Even if some of [Roderick's] claims implicate or are preempted by federal law by way of an affirmative defense, such defenses do not appear on the face of the well-pleaded complaint, and accordingly do not authorize removal to federal court." *Duperil*, 2021 U.S. Dist. LEXIS 20257, at *21 (citing *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987)). Further, this Court agrees with the vast majority of district courts[2] in holding that Roderick's state-law claim for wrongful death is not preempted by the PREP Act, nor does it turn on a construction of federal

---

[2] *See, e.g.*, *Duperil*, 2021 U.S. Dist. LEXIS 20257, at *22–*44; *Shapnik*, 2021 U.S. Dist. LEXIS 79447, at *27–*47; *Schuster*, 2021 U.S. Dist. LEXIS 63741, at *6–*13; *Estate of Winifred Cowan*, 2021 U.S. Dist. LEXIS 61708 at *3–*4, *10–*20 (holding that the PREP Act neither completely preempted Plaintiffs' state law claims nor presented a substantial federal question that would allow the court to exercise jurisdiction where plaintiffs brought suit against a care facility asserting state-law claims of negligence and wrongful death due to plaintiffs contracting and/or dying from COVID-19 while in defendant's long term care facility); *Saunders v. Big Blue Healthcare*, No. 2:20-cv-2608, 2021 U.S. Dist. LEXIS 36152, at *3–*5, *15–*20, *23–*28 (D. Kan. Feb. 26, 2021) (holding that the PREP Act did not confer subject-matter jurisdiction to the district court and remanding to state court where plaintiff brought a state-law claim for wrongful death alleging that the defendant rehabilitation facility failed to ensure staff used personal protective equipment, follow proper infection-control protocols, ensure workers were not working with COVID-19 symptoms, and adhere to proper social-distancing guidelines); *Estate of Maglioli v. Andover Subacute Rehab. Ctr. I*, 478 F. Supp. 3d 518, 522–23, 529–33 (D.N.J. 2020) (remanding to state court where plaintiffs brought state-law claims for negligence and wrongful death against defendant nursing-care facilities for failing to properly monitor employees, residents, visitors to the facilities, provide personal protective equipment to employees, residents, and visitors, or execute protocols to prevent the spread of COVID-19 after defendants sought removal under PREP Act); *Saldana v. Glenhaven Healthcare LLC*, No. CV 20-5631, 2020 U.S. Dist. LEXIS 216490, at *2–*7 (C.D. Cal. Oct. 14, 2020) (finding that the PREP Act did not confer federal-question jurisdiction and remanding plaintiffs' complaint to state court where they asserted state-law claims of willful misconduct and wrongful death based on defendants' alleged failure to implement appropriate safety measures for staff and nursing home residents or provide adequate personal protective equipment such as masks to staff or residents).

law.  *See id.*  The Court, therefore, does not have subject matter jurisdiction over Roderick's claim and will grant Roderick's motion to remand.

IV. **CONCLUSION**

Plaintiffs' motion to remand (Doc. 8) is **GRANTED**.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**